IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEFFREY S. LEWIS<br>*Plaintiff,*<br><br>v.<br><br>JL MOBILE LLC; and<br>YERMIA BERKOWITZ; and<br>MICHAEL D. WITTMAN; and<br>JOSEPH LASRY<br>*Defendants.* | §§§§§§§§§§§§ | CIVIL CASE NO. _____<br><br>Jury Trial Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICES ACT, CONVERSION, AND COMMON LAW FRAUD**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Jeffrey S. Lewis ("Mr. Lewis", "Lewis", or "Plaintiff"), files his original complaint for Breach of Contract, Deceptive Trade Practices Act, Conversion, and Common Law Fraud and respectfully shows the court the following:

**I.   PARTIES**

1. Plaintiff, Mr. Jeffrey Lewis is a consumer who resides in Nueces County, Texas, at all times during the course of events described in this suit, Mr. Lewis is and was a consumer as defined in the Tex. Bus. & Com. Code Ann. §§17.41-.63.

2. Defendant, JL Mobile LLC, ("JL Mobile") is a Florida Limited Liability Company as the LLC's sole owner/member is Mr. Michael D. Wittman who resides in Florida.

3. Defendant, Yermia Berkowitz ("Berkowitz") is an employee, officer, or other type of co-conspirator who tricked Mr. Lewis into depositing money into Yermia Berkowitz for "representation services". Berkowitz is not a licensed attorney in the State of Texas or the State of Florida. Mr. Berkowitz is a beneficiary of the DTPA scheme.

4. Defendant, Michael D. Wittman, is an employee, officer, owner or other type of co-conspirator runs, operates, controls, manages, and organized the scheme. Mr. Berkowitz is a beneficiary of the DTPA scheme.

5. Defendant, Joseph Larsy, is an employee, officer, or other type of co-conspirator who helps run the day-to-day activities of the scheme. Mr. Berkowitz is a beneficiary of the DTPA scheme.

## II.   VENUE

6. The United States District Court for the Southern District of Texas covers Nueces County where Mr. Lewis resides. The Defendants, each of them, through their actions entered this District to conduct business with Mr. Lewis and his company. 28 U.S. Code §1391 (b)(2).

7. A substantial part of the events or omissions giving rise to the claim occurred within Nueces County, Texas.

## III.   BASIS FOR DIVERSITY JURISDICTION

8. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of Different U.S. States, and the amount in controversy will exceed $75,000.00, excluding interest and costs.

**A.  The Amount in Controversy Exceeds $75,000.00**

---

Plaintiff's Original Complaint For Breach of Contract, DTPA, and Common Law Fraud

9. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff, Mr. Lewis is Requesting treble damages under the Texas DTPA, Mr. Lewis' known damages are currently $52,000.00, plus on-going attorney's fees; *Bates v. Laminack*, 938 F. Supp. 2d 649, 655 (S.D. Tex. 2013) (exemplary and punitive damages and attorney's fees included in amount in controversy calculation).

**B. Plaintiff is a Citizen of the State of Texas and Defendants are Citizens of the State of Florida**

10. Plaintiff, Mr. Lewis is a citizen of the State of Texas with his primary residence located within the boundaries of Nueces County, Texas.

11. For purposes of assessing diversity, JL Mobile is a citizen of Florida. A limited liability company's citizenship depends on the citizenship of its members. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). Defendant, JL Mobile's only known member is Mr. Wittman who is a citizen of the State of Florida. *See Exhibit 1.* Therefore, Defendant, JL Mobile is a citizen of the State of Florida.

12. Defendant. Yermia Berkowitz, is believed to be a key employee, officer or other co-conspirator of the DTPA scheme, since JL Mobile principal office is located in Florida, then it is assumed that Mr. Berkowitz is a citizen of the State of Florida. *See Id.*

13. Defendant, Michael D. Wittman, is believed to be a key employee, officer, owner or other co-conspirator of the DTPA scheme, Mr. Berkowitz is a citizen of the State of Florida. *See Id.*

14. Defendant, Joseph Larsy, is believed to be a key employee, officer, or other co-conspirator of the DTPA scheme, since JL Mobile principal office is located in Florida, then it is assumed that Mr. Berkowitz is a citizen of the State of Florida. *See Id.*

### IV.    BACKGROUND AND FACTS.

15. On or around, April 28, 2025, Plaintiff, Mr. Lewis, received an unsolicited phone call from Defendants. Among other things, Defendants, promised to (i) represent Mr. Lewis and his company for legal matters including representation for the purpose of negotiating with his creditors, (ii) retain a trust account from where Plaintiff's trust payments to the Defendants will be safe, segregated, and payable only for the express purpose of paying off Plaintiff's creditors, (iii) act in an ethical manner and represent Mr. Lewis' best interests.

16. After receiving several oral assurances of Defendant's reputation, previous success, and even a claim that Mr. Larsy is a "lawyer", Plaintiff, Mr. Lewis on May 8th, 2025, signed a "settlement" agreement with Defendants. The agreement called for Mr. Lewis to deposit a recurring monthly sum in escrow or trust with Defendant's. Such amounts or sums were to be deposited to an escrow or trust account controlled by the Defendants, and the Defendants were to disburse these sums solely to pay Mr. Lewis' creditors. *See Exhibit 2.*

17. Plaintiff after paying thousands of Dollars to Defendants personally and through an unknown entity named "Pinapples LLC", (which is also believed to be controlled and owned by the Defendants), did Mr. Lewis' realize that Defendant's did not negotiate on his behalf nor did they use the money he transferred to Defendants to pay his

creditors, instead, the Defendant's took Mr. Lewis' money for their own personal enjoyment. Mr Lewis' now faced the consequences of the Defendants unscrupulous actions: Mr. Lewis' was fleeced out of thousands of dollars, and Mr. Lewis' now was in default and owed a far greater amount to his creditors, when he believed that he was making regular payments to his creditors and paying off his debts.

18. Plaintiff at one point was told to cut off all contact with his creditors and block his accounts as to only allow debits from the Defendants and no one else. Moreover, Plaintiff believed that Mr. Larsy was an attorney and was representing his best interest. Mr. Larsy even went as far to create an email account of lawyerlarsy@gmail.com, from where he communicated with Plaintiff. (Plaintiff's counsel has even gone so far to check with the Texas and Florida Bar association, neither bar association has any record of a Joseph Larsy). *See Exhibit 3.*

19. Mr. Lewis' on multiple occasions has attempted to contact the Defendants to demand that (i) they refund all monies paid to him, (ii) reimburse Mr. Lewis' attorney's fees, (iii) compensate Mr. Lewis' for causing him to Default with his creditors. To date, the Defendants' have ignored his calls. As such, Mr. Lewis hired on Mr. Wier the undersigned counsel to protect his rights as a consumer who was defrauded by the Defendants playing lawyer, when in fact they had no authority to practice law in this State.

V.   CAUSES OF ACTION

**Count I-Breach of Contract**

20. Plaintiff repeats and realleges the allegations contained in paragraphs one (1) through nineteen (19) herein as if they were again re-written in full word by word.

21. Plaintiff made the monthly payments as agreed to in the "Business Debt Resolution and Settlement Agreement"; however, Defendants, did not disburse the funds as agreed to Plaintiff's different creditors. Moreover, the agreement itself states "settlement" on various pages. Unlike the agreement would suggest, Plaintiff did not settle with anyone, including Defendants.

22. The essential elements of a breach-of-contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

    a.  In this case, an agreement was signed by the parties, fulfilling prong one;

    b.  Performance was tendered by Plaintiff to Defendant in the way of thousands of dollars via Zelle and ACH payments fulfilling prong two;

    c.  The Defendants breached the contract by (i) not negotiating with Plaintiff's creditors, (ii) not paying Plaintiff's creditors with the funds that Plaintiff transferred to Defendants, (iii) a settlement was not reached with any party, in direct contrast of the title of the agreement as well as various clauses and paragraphs within the agreement, fulfilling prong three;

    d.  Plaintiff sustained thousands of dollars worth of damages including on-going attorney's fees as Plaintiff believed that Defendants were negotiating in good faith with his creditors; as well as paying his creditors when in fact, Defendants were pocketing the Plaintiff's funds, fulfilling the final prong.

23. That based upon the Defendant's willful actions, Plaintiff suffered damages of at least $52,000.00, not including punitive damages, on-going attorney's fees, and court costs.

## Count II-Deceptive Trade Practices Act

24. Plaintiff repeats and realleges the allegations in paragraphs one (1) through twenty-three (23) herein as if they were again re-written in full word by word.

25. The provisions of the Deceptive Trade Practices Act ("DTPA") should be liberally interpreted and construed to promote its underlying purpose, which is the protection of consumers. Tex. Bus. & Com. Code Ann. § 17.44(a).

26. The elements of a cause of action for violation of the DTPA are that (1) the plaintiff is a consumer, (2) the defendant can be sued under the DTPA, (3) the defendant committed a wrongful act under the statute, and (4) the defendant's actions were the producing cause of the plaintiff's damages. See Tex. Bus. & Com; *Martinez v. Herbert C. Martinez & Real Estate Execs. of Austin, LLC*, No. 13-19-00518-CV, 2020 Tex. App. LEXIS 7951, at *1 (Tex. App.—Corpus Christi Oct. 1, 2020, no pet.). In this specific case, all four elements have been met:

    a. Plaintiff is undoubtedly a consumer as he is an individual consumer residing in Nueces County, Texas;

    b. The Defendants conducted business in this State and County; thereby freely availing themselves to the Jurisdiction of this Court;

    c. The Defendants (i) wrongfully presented themselves at lawyers and attorneys who would "advocate" on the plaintiff's behalf, further, (ii) the Defendants kept and used funds that were meant to be forwarded to the Plaintiff's creditors to the Plaintiff's detriment, (iii) the Defendants knew or should have

Plaintiff's Original Complaint For Breach of Contract, DTPA, and Common Law Fraud

  known that they would not be able to negotiate with the Defendant's creditors and that it was unlawful to keep and use funds that were supposed to be segregated and used only for a specific purpose (to pay the Plaintiff's creditors) which Defendants' were well aware of;

  d. The Defendants' actions caused Plaintiff to be in default with at least one of its creditors; moreover, Plaintiff is suffering on-going attorneys' fees as Plaintiff was forced to retain the undersigned counsel in order to protect its interests.

27. Defendants further committed a material misrepresentation when they introduced themselves to Plaintiff as an "attorney" even though they are not licensed to practice law in the State of Texas or their home state of Florida. See *Christians v. Flores*, No. 01-20-00307-CV, 2022 Tex. App. LEXIS 1470 (Tex. App.—Houston [1st Dist.] Mar. 3, 2022, no pet.).

### Count III-Conversion

28. Plaintiff repeats and realleges the allegations in paragraphs one (1) through twenty-seven (27) herein as if they were again re-written in full word by word.

29. An allegation for the conversion of money arises only where the money can be "identified as a specific chattel, meaning it is '(1) delivered for safe keeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper.'" *Lawyers Title Co.*, 424 S.W.3d at 718 (quoting *Entm't Merch. Tech., L.L.C. v. Houchin*, 720 F. Supp. 2d 792, 799 (N.D. Tex. 2010)).

30. All four elements of conversion have been satisfied in this case as (i) Plaintiff transferred to Defendants' thousands of dollars for the sole purpose of "depositing" such monies in a "trust" account for the exclusive benefit of Plaintiff's creditors; (ii) the funds paid to Defendants were meant to be segregated in Defendant's trust account for the sole and exclusive purpose of paying Plaintiff's creditors, (iii) United States Dollars were paid and United States Dollars were meant to be paid to Plaintiff's creditors thereby substantially in the form paid to Defendants, (iv) Defendants promised to hold and pay such sums to Plaintiff's creditors only, Defendants' had no rightful claim to the funds.

31. A wrongful and unauthorized assumption and dominion of control occurred at the very moment Defendant's exercised control over Plaintiff's payment as (i) there was never a "lawyers trust account", as the Defendants were not and are not lawyers, (ii) the funds were used exclusively for Defendant's own personal enjoyment, (iii) Plaintiff's creditors did not receive a dime of Plaintiff's funds meant to be paid to its creditors by way of Defendants' acting (or masquerading) as attorneys, when in fact they are not authorized to practice law.

### Count IV-Common Law Fraud

32. Plaintiff repeats and realleges the allegations in paragraphs one (1) through thirty-one (31) herein as if they were again re-written in full word by word.

33. A common-law fraud claim requires "'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Formosa Plastics Corp. USA v. Presidio Eng'rs &*

---

Plaintiff's Original Complaint For Breach of Contract, DTPA, and Common Law Fraud

*Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)).

34. In this particular case, Defendant's on multiple occasions presented themselves as "attorneys" and "lawyers" who focus on "advocating" for clients who need help restructuring, modifying, or negotiating down debts with creditors.

35. After an extensive search, Plaintiff's attorney and his staff was unable to find the Defendants on the Texas Bar register. A further search was made with the Florida State bar, where the Defendants reside, they are also not registered to practice law in Forida. The Florida bar has no record of the Defendants ever admitted to practice law in their home state. See Exhibit 3.

36. Plaintiff would have never contracted, signed, or executed an agreement, nor paid the Defendants a single dollar had he known the truth that the Defendants were not attorneys as they claimed to be.

## VI.    EXEMPLARY DAMAGES

37. Plaintiff's injuries resulted from Defendants' malice or actual fraud, entitling Plaintiff to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

## VII.    JURY TRIAL DEMANDED

38. Plaintiff, Jeffrey S. Lewis, asserts its rights under the seventh amendment to the United States Constitution and demands in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VIII.    PRAYER FOR RELIEF

39. Plaintiff prays that, upon final trial of this case, he receive the following relief:

(a) Actual damages currently in the amount of $52,000.00;

Plaintiff's Original Complaint For Breach of Contract, DTPA, and Common Law Fraud

(b) Exemplary damages;

(c) Pre and post-judgment interest;

(d) Costs of court;

(e) Reasonable and necessary attorneys' fees;

(f) All other relief whether in law or in equity to which Plaintiff may be entitled.


Dated: Monday, June 30, 2025

Respectfully submitted,

**LAW OFFICES OF KEITH WIER, PLLC.**

 _/s/ Keith Wier_____
Keith Wier
SBN: 21436100 / Fed ID: 7930
15150 Preston Road, Suite 300
Dallas, Texas 75248
Phone: (214) 540-6690
Email: kwier@keithwierlaw.com
**ATTORNEY FOR PLAINTIFF,
JEFFREY S. LEWIS**